(65 App. Div. 460.)

## In re McGEE.

## FOREN v. STRAUS.

(Supreme Court, Appellate Division, Second Department. November 22, 1901.)

1. SALE OF DECEDENT'S REALTY—EXPENSES OF FREEHOLDER—TIME FOR PAYMENT.

Code Civ. Proc. § 2786, provides that the proceeds from a sale of a decedent's land by a freeholder appointed to make the sale must be paid into the surrogate's court, and for that purpose the payment is to be made to the county treasurer to the credit of the special proceeding, and, on payment being so made, the heirs and devisees of the decedent and all the decedent's remaining real property are exonerated from the debts ordered to be paid as far as the proceeds so paid over are sufficient, after deducting the costs and expenses allowed by the surrogate, to satisfy those debts or liens. *Held*, that the freeholder is not required to pay the gross receipts of such sale into the county treasury, but only the net proceeds, with a statement of the amounts paid out to discharge liens and the amounts claimed as his expenses, including attorneys' fees paid.

2. SAME—PAYMENT OF JUDGMENT NOT A LIEN.

A freeholder appointed to sell and selling a decedent's realty for the payment of certain debts was properly refused an allowance for paying a judgment which was not a lien on the land.

3. SAME—EXPENSE FOR HANDBILLS.

An allowance for the publication of handbills, circulars, etc., relating to the sale of a decedent's realty, was properly refused the freeholder appointed to sell the same, being extra advertising.

4. SAME—INTEREST ON MORTGAGE.

Interest on a mortgage on the property sold is a proper allowance to the freeholder conducting the sale of a decedent's realty.

5. SAME—INTEREST ON REFUNDED PURCHASE MONEY.

Where a sale of a decedent's realty was vacated as illegal, interest on the purchase money refunded was properly allowed as an expense out of the proceeds of the second sale.

Appeal from surrogate's court, Kings county.

Application by Andrew J. Foren, a freeholder, for the allowance of certain expenditures made in the sale by Alice McGee, executrix of her decedent's realty, to which Jacob Straus, a creditor, filed objections. From an order refusing the allowance of certain claims, the applicant appeals. Modified and affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William W. Butcher, for appellant.

Edward J. McCrossin, George W. Sickels, and Geo. W. Pearsall, for respondent.

WILLARD BARTLETT, J. This is an appeal from an order of the surrogate of Kings county confirming the report of a referee disallowing certain items of expenditures in the account of Andrew J. Foren, a freeholder, who was appointed to sell the real estate of a decedent under Code, sections 2749–2793. See, also, as to the fees and expenses of such freeholder, section 2563. Section 2786 provides that the proceeds arising from a sale by a freeholder must be paid into the surrogate's court, and for that purpose the payment

is to be made to the county treasurer, to the credit of the special proceeding. Section 2786 further provides that, upon payment being so made, the heirs and devisees of the decedent and all the decedent's remaining real property are exonerated from the debts ordered to be paid "as far as the proceeds so paid over are sufficient after deducting the costs and expenses allowed by the surrogate to satisfy those debts or liens." Here we have clear authority for allowing to the freeholder certain costs and expenses; and additional authority is to be found in section 2563, which provides that upon the disposition of the real property of a decedent the executor, administrator, or freeholder disposing of the property must be allowed by the surrogate out of the proceeds of the sale brought into court his expenses, "and he may be allowed out of the proceeds a reasonable sum for his own services, not exceeding five dollars for each day actually and necessarily occupied by him in disposing of the property, and such a further sum as the surrogate thinks reasonable for the necessary services of his attorney and counsel therein."

The first question that arises on this appeal is one of practice: When is the allowance of expenses to be made? It is suggested in behalf of the respondent here that the freeholder must pay over to the county treasurer, under section 2786, the gross proceeds of the sale, and that any allowance to be made to him for expenses, counsel fee, etc., can only be made under section 2793, when distribution is directed by a supplementary decree. This procedure might be very onerous to the freeholder; as, for example, where a sale is made free of prior liens and incumbrances, the vendor undertaking to pay them out of the purchase money. Under such circumstances the freeholder would be compelled to advance his own funds to discharge the liens, instead of taking the requisite amounts out of the purchase money, and might have to wait a considerable time before his advances would be returned to him upon a final distribution under section 2793. We are referred to no precedent, and it seems to me that a preferable practice would be to require the freeholder, upon rendering his account of the sale, to state therein the amount of the gross proceeds, the sums which he had paid out to discharge liens, and the amounts which he claimed to be due to him for expenses, including anything necessarily paid to his attorney or counselor. I do not see why the surrogate could not pass upon these claims just as well at this time as later, and it would seem only just to the freeholder that he should not be compelled to advance money out of his own pocket, and thus lose interest which he could not possibly recover.

In this proceeding the property sold for $3,075. In his account the freeholder claimed to be allowed disbursements amounting in the aggregate to $1,202.95. Of these disbursements the referee and surrogate refused to allow five items, making a total of $949.99. Of these items the first was for a judgment against the decedent, amounting to $76.35. This does not appear to have been a lien on the land at the time the proceeding was taken, and it was not properly payable out of the proceeds of the sale. The second item—for the publication of handbills, circulars, etc., relating to the sale—amounts

to $200. This, I think, was also properly disallowed. It was not for the ordinary expenses of publishing the legal notices of the sale, but for extra advertising, which was not chargeable against the proceeds, in the absence of an agreement of all the parties concerned that the expense should be incurred, or an order of the court sanctioning the expenditure. The third item—interest on a mortgage on the premises of $45—would seem to be a proper deduction. I am unable to understand why it was not allowed. The same is true of the fourth item,—$28.64, interest paid to P. Delap on part of purchase price paid by him, and ordered to be refunded on vacating a previous illegal sale. The fifth and largest item is $600, paid to William W. Butcher for legal services. This was wholly disallowed. There is no opinion by the surrogate in the record, and it is impossible to tell whether it was disallowed on the ground that nothing whatever should be awarded to the freeholder for the services of his counsel, or on the ground that the application was premature, and should not be made until final distribution, when it could be included in a supplementary decree under section 2793. As already pointed out, section 2563 permits the surrogate to allow a freeholder such sum as he thinks reasonable for the necessary services of his attorney and counsel. In the absence of this provision, I should be inclined to doubt whether there was any propriety in a freeholder employing counsel at all, or being allowed anything for their services. The freeholder, in such a case as this is, exercises practically only the same functions as a referee to sell, and has no personal interest or official interest in the regularity of the proceeding, except so far as it affects his own ministerial acts. A referee in a foreclosure or in a partition suit does not employ counsel to compel a purchaser to take title. That is done by the parties interested in bringing about a sale of the property, and it seems tolerably plain here that, if Mr. Foren had done nothing, the creditors who wanted to obtain their money out of the decedent's real estate would have taken all the steps necessary to bring about a valid sale and enforce the obligation of any purchaser at such sale. It may very well be, therefore, that the surrogate denied compensation to the freeholder on account of Mr. Butcher's services because he deemed them wholly unnecessary; but in the state of this record it is impossible to tell whether that was the reason which led to his determination or not.

Under all the circumstances I am inclined to think that the order of the surrogate should be modified by allowing the freeholder the third and fourth items,—that is to say, the interest on the mortgage, amounting to $45, and the interest paid to P. Delap, $28.64; and that, as thus modified, the order should be affirmed, without costs of this appeal to either party, and without prejudice to the freeholder to apply, when distribution is ordered under section 2793, for the costs and expenses incurred by him in employing counsel. It would seem that the surrogate would still have power to allow him something on this account under section 2786. All concur.